944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee MOYLE, owner d/b/a Moyle Mink Farm, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-70469.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 28, 1991.
Decided Sept. 19, 1991.
 
 Before WALLACE, Chief Judge, KOELSCH and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Lee Moyle, owner of Moyle Mink Farm (Mink Farm), petitions this court to review an order of an administrative law judge (ALJ) in proceedings against the business under the Immigration and Nationality Act, as amended by the Immigration Reform and Control Act of 1986. 8 U.S.C. § 1324a. The ALJ had jurisdiction pursuant to 8 U.S.C. § 1324a(e)(3)(b). We have jurisdiction over this timely appeal under 8 U.S.C. § 1324a(e)(8). We affirm.
 
 
 2
 We will disturb the agency's findings of fact only if they are unsupported by substantial evidence. Mester Manufacturing Co. v. INS, 879 F.2d 561, 565 (9th Cir.1989). We review de novo the agency's conclusions of law. Id. However, we give deference to an agency's reasonable construction of the statute it is charged with administering. Id.
 
 
 3
 Mink Farm first alleges that the subpoena duces tecum used by the Immigration and Naturalization Service (INS) agents to acquire I-9 forms and other documents was improperly served. 8 U.S.C. § 1225(a) provides that the INS may issue subpoenas to require "the production of books, papers, and documents" that are relevant to the enforcement of the immigration laws. Id. "Service of the subpoena shall be made by delivering a copy thereof to the person named therein...." 8 C.F.R. § 287.4(c) (1989). The subpoena in this case was addressed to "Lee Moyle, Owner, Moyle Mink Farm." Mink Farm contends that the INS was required to serve the subpoena on Moyle personally. Instead, the subpoena was served on Moyle's wife and an employee, Dailey. Thus, Mink Farm contends that the subpoena should have been quashed and the documents excluded from evidence at the administrative hearing.
 
 
 4
 However, no motion to quash the subpoena was ever made. Mink Farm could have refused to comply with the subpoena and could have challenged the propriety of service in enforcement proceedings before the district court. See 8 U.S.C. § 1225(a). The ALJ ruled that because Mink Farm complied willingly without challenging the propriety of service, it lost its right to object and exclusion of the documents for improper service.
 
 
 5
 The INS regulation cited above is similar to that contained in the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 45. Rule 45 requires that a witness objecting to a subpoena duces tecum make a motion to quash "promptly[,] and in any event at or before the time specified in the subpoena for compliance therewith...." Fed.R.Civ.P. 45(b). The ALJ held that the administrative hearing was not the proper forum in which to challenge service of the subpoena. This interpretation of the regulation, requiring a defendant to challenge the propriety of service under 8 C.F.R. § 287.4(c) promptly, is a reasonable interpretation of the INS regulation.
 
 
 6
 Moyle had advance notice of the INS inspection and purposefully stayed away from the office on the day in question. He authorized Dailey to handle the inspection in his absence. Despite the agents' offer to return another day, neither Dailey nor Moyle's wife objected to the subpoena. Instead, they voluntarily produced the documents. Thus, any objection to the propriety of service of the subpoena has been voluntarily waived, and the ALJ properly ruled that the documents should not be excluded.
 
 
 7
 Mink Farm next argues that the ALJ erred when he admitted the I-9 forms because they were seized in violation of Moyle's fourth amendment rights. This issue need not be reached, however, because we have concluded that the records were voluntarily produced and that any right to object to the subpoena was waived.
 
 
 8
 Finally, Mink Farm argues that the actions of the INS agents constituted misconduct and abuse of process and that the I-9 forms should be suppressed on that basis. Mink Farm contends that the INS agents behaved improperly both in initiating the investigation and in seizing the I-9 forms.
 
 
 9
 With respect to the decision to initiate the investigation, the INS possessed sufficient facts to support its suspicion that Mink Farm was violating immigration laws. The ALJ found that one of the agents had participated in several arrests of illegal aliens who were employed by Mink Farm, that Moyle himself had told the agent he would refuse to comply with the I-9 requirements, and that the INS had received an anonymous telephone tip about illegal alien employment at Mink Farm. On the basis of this and other evidence, the ALJ found that the INS's suspicion of rules violations was warranted and that its decision to investigate Mink Farm was appropriate. Substantial evidence supports this determination, and we will not set it aside.
 
 
 10
 With respect to the decision to remove records from Mink Farm premises, the analysis above indicates that there was no fourth amendment violation. In addition, the INS agents did nothing improper. No objection was made. The seizure of the I-9 forms was not unconstitutional, nor was it deceitful or offensive. In addition, no harm resulted from the removal of the records.
 
 
 11
 AFFIRMED.